**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FLOYD J. COSAVAGE, JR. aka<br>Floyd Dunlap, | )<br>) | CASE NO. 5:26 CV 412 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OHIO ADULT PAROLE | ) | AND ORDER |
| AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Floyd Cosavage Jr. aka Floyd Dunlap filed this action under 42 U.S.C. §1983 against the Ohio Adult Parole Authority ("OAPA"), Summit County, the Summit County Sheriff, John/Jane Doe Summit County Sheriff's Deputies (1-X), the CAST facility, the R.I.P. Program, Oriana House, and John/Jane Doe Supervisors an Case managers (1-X).  He alleges he legally changed his name, but the OAPA failed to correct all of their records, leading to confusion when he was taken back into custody for violating the terms of his release.  He asserts claims for violation of Fourteenth Amendment rights and claims he was unlawfully detained.  He asks this Court to declare that the Defendants violated his constitutional rights, enjoin enforcement of his supervision based on his old identity, and award him monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  That Application is granted.

## I.    Background

Plaintiff changed his name from Floyd Dunlap to Floyd Cosavage in July 2020 by order of an Ohio probate court.  *See CoSavage v. Chief, Ohio Adult Parole Authority*, No. 5:26-cv-00031 (N.D. Ohio Mar. 24, 2026).[1]  It appears he was on supervised release at that time. He states he notified the OAPA of his name change and asked them to update his supervision records.  He states that his supervision and custody records "were maintained and enforced using inconsistent identities."  (Doc. No. 1 at PageID #: 2).

Plaintiff indicates he was arrested in December 2021.  He contends that although he was issued a recognizance bond, he was held on an OAPA detainer.  He claims a court had not ordered that detention.  He states that on December 20, 2021, the OAPA took physical custody of him and transferred him to a CAST facility where he was held under his former identity.  The OAPA then transferred him to the R.I.P. program.  He states that this transfer was done without a court order.  Three days later, on December 23, 2021, Plaintiff was transferred with electronic monitoring to Oriana House where he was required to complete a 90-day OAPA administrative sanction.  He contends this sanction was not ordered by a court.

Plaintiff's Complaint gets more confusing at this point.  He states that he remained under supervision.  He states that in July 2023, his supervision was "altered or terminated" under his former identity but then later it was "reattached without adjudication."  (Doc. No. 1 at PageID #: 2).  He then states that on December 6, 2024, he was released from prison but remained subject to supervision.  He also states he was "required to leave Ohio" on that same say under an "interstate compact related restraints involving Michigan."  He states that he was not given

---

[1] Plaintiff identified himself as Floyd CoSavage in Case No. 5:26 CV 31, but spells him name as Cosavage in this action.

2

notice or a meaningful opportunity to be heard regarding identity discrepancies and authority for sanctions.

Plaintiff asserts that he was denied due process and subjected to unlawful detention and supervision.  He asks this Court to declare the Defendants acted unconstitutionally, enjoin enforcement based on defective identity records," and award him monetary damages.  (Doc. No. 1 at PageID #: 2).

## II.        Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation."  *Iqbal*, 556 U.S. at 678.

A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III.        Analysis

As an initial matter, Plaintiff's Complaint does not include any allegations of actions taken against him by Summit County, the Summit County Sheriff, any Summit County Deputies, or any John/Jane Doe Supervisors or Case Managers. Furthermore, his only allegations against the CAST facility, the R.I.P. Program and Oriana House are that the OAPA sent him there. He does not allege any wrongdoing by those Defendants. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Because Plaintiff did not allege any actions taken by Summit County, the Summit County Sheriff, any Summit County Deputies or John/Jane Doe Supervisors or Case Managers, the CAST facility, the R.I.P. Program and Oriana House, he fails to state a claim upon which relief may be granted against these Defendants.

The only remaining Defendant is the OAPA, which is an agency of the State of Ohio. It is well-established that, absent consent, suit against a state or one of its agencies in federal court is barred by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This jurisdictional bar applies regardless of the nature of the relief sought. *Id.*

4

**IV.**      **Conclusion**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Date: 6/22/2026                            /s/ John R. Adams
                                                JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE

---

[1]      28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.